**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES LLC, FRANCHISE WORLD HEADQUARTERS, LLC, AND SUBWAY REAL ESTATE LLC,,    Plaintiffs, | : : : : : | CIVIL CASE NO. 3:25-CV-1661 (JCH) |
| v. | : : : | |
| AMAN BERI AND VANDANA BERI,    Defendants. | : : | MARCH 5, 2026 |

**RULING ON MOTION TO REMAND (DOC. NO. 24)**

**I.     INTRODUCTION**

The plaintiffs, Doctor's Associates LLC ("DAL"), Franchise World Headquarters, LLC ("FWH"), and Subway Real Estate, LLC ("SRE") (collectively, "plaintiffs"), bring this suit against Aman Beri ("A. Beri") and Vandana Beri ("V. Beri") (collectively, "defendants"), seeking to compel the arbitration of claims brought by defendants in California state court.[1]  See, generally, Complaint and Application for Order to Compel Arbitration ("Complaint") (Doc. No. 2-1).

Plaintiffs filed this action in the Superior Court of Connecticut in the Judicial District of Ansonia-Milford at Milford on August 12, 2025, see Doctor's Associates LLC, et al. v. Aman Beri and Vandana Beri, AAN-CV25-6064392-S.  Defendants removed the action to the United States District Court for the District of Connecticut on October 3, 2025 based on diversity jurisdiction.  See Defendants' Notice of Removal ("Notice of Removal") (Doc. No. 2).  Now before the court is plaintiffs' Motion to Remand this

---

[1]On December 10, 2025, the court issued an Order directing defendant Vandana Beri to make an appearance by December 15, 2025, indicating that failure to do so will result in default entry.  See Order (Doc. No. 43).  However, while Vandana Beri has failed to appear as of the time of this Ruling, the court has declined to enter default given the court's determination that it lacks subject matter jurisdiction over the action.

1

proceeding to the Superior Court of Connecticut.  See Plaintiffs' Motion to Remand ("Motion") (Doc. No. 24).  For the reasons stated below, the court grants the Motion.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires complete diversity of citizenship among the parties.  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989).

Where a limited liability company, i.e., an "LLC," is sued, diversity of citizenship turns on the citizenship of all of the LLC's constituent members.  Novel Energy Sols., LLC v. Pine Gate Renewables, LLC, 2024 WL 1364702, at *1 (2d Cir. Apr. 1, 2024); Weiss Acquisition, LLC v. Patel, 2013 WL 45885 *4 (D. Conn. 2013); See also Carden v. Arkoma Assocs., 494 U.S. 185, 195–196 (1990).  "If any members of the LLC are themselves LLCs, partnerships, limited partnerships, or other unincorporated entities, Plaintiff must plead the citizenship of each until the citizenship of all individuals and corporations having a direct or indirect ownership interest in defendant LLC is set forth." Walsh v. Lumivisions Architectural Elements Inc., 2016 WL 111407, at *2 (D. Conn. Jan. 11, 2016) (quoting World Wide Plumbing Supply Inc. v. DDI Sys. LLC, 2011 WL 5024377, at *2 (E.D.N.Y. Oct. 20, 2011)).

Where a court determines that subject matter jurisdiction is lacking, remand of a removed case is appropriate.  McShan v. Omega Louis Brandt et Frere, S.A., 536 F.2d 516, 519 (2d Cir. 1976).  "Absent complete diversity a case is not removable . . . . A

failure of complete diversity, unlike the failure of some claims to meet the requisite amount in controversy, contaminates every claim in the action." Lafferty v. Jones, No. 3:18-CV-1156 (JCH), 2018 WL 5793791, at *3 (D. Conn. Nov. 5, 2018) (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005)). In light of the principle of comity and congressional intent in preserving the independence of state governments, federal courts are to construe the removal statute narrowly and resolve doubts against removability. Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).

### III.   DISCUSSION

#### A.   Citizenship of Plaintiff DAL

Plaintiffs assert that complete diversity is lacking because plaintiff DAL shares California citizenship with both defendants. See Mot. at 8. In their Notice of Removal, defendants allege that they are domiciled in, and citizens of, the State of California. See Notice of Removal at ¶ 22. Defendants also assert that "DAL is a Delaware limited liability company with its headquarters in Connecticut and Florida." Id. at ¶ 23. However, the location of an LLC's headquarters is not the appropriate inquiry for determining its citizenship. See Avant Cap. Partners, LLC v. W108 Dev. LLC, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (holding that the place of incorporation and principal place of business is the appropriate inquiry in determining the citizenship of corporate entities who are themselves members of the LLC) (emphasis added).

Given the factual dispute as to DAL's citizenship, the court turns to evidence outside of the Notice of Removal to resolve the question of diversity. When a party challenges a district court's subject matter jurisdiction, the court may look to evidence outside of the pleadings to resolve disputed factual issues. Makarova v. United States,

201 F.3d 110, 113 (2d Cir. 2000) (holding that district courts may refer to evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction). Ilene Kobert, General Counsel for FWH and DAL, submitted an affidavit that DAL is an LLC with members who reside in California. See Declaration of Ilene Kobert ("Kobert Decl.") (Doc. No. 24, Exhibit D) at ¶ 3. Meanwhile, defendants' assertion as to the contrary, that DAL is a citizen of Delaware, Florida, and Connecticut, is based on an incorrect legal standard. Resolving factual ambiguities in favor of remand, the court concludes that Kobert's Declaration with respect to DAL's citizenship is sufficient to show shared citizenship between DAL and the defendants, thereby destroying complete diversity.[2]

The court notes that on January 27, 2026, the court granted defendants leave to amend the Notice of Removal. See Doc. No. 45; Doc. No. 46. In their prayer for leave to amend the Notice of Removal, defendants represented that they sought "to make certain minor, non-substantive corrections that pertain to form," including compiling Exhibits into a single PDF, appending to the Notice state court documents unrelated to jurisdiction, and adding a signature to the Removal Statement. See Defendants' Motion for Leave to Amend Defendants' Notice of Removal and Removal Statement ("Motion for Leave") (Doc. No. 32). Defendant Aman Beri then filed an Amended Notice of Removal on February 25, 2026.[3] See Defendant Aman Beri's Amended Notice of

---

[2] Plaintiffs challenge as a separate ground for remand that defendants' Notice of Removal and Removal Statement are facially deficient because, inter alia, the filings fail to include underlying state court pleadings and do not bear a signature as required by the Local Rules of the District of Connecticut. See Mot. at 6-8. As the court independently finds that remand is proper due to lack of diversity, the court declines to address the sufficiency of the filings procedurally.

[3] The court gave defendant Aman Beri until February 5, 2026, to file the Amended Notice. See Doc. No. 46. The Amended Notice was subsequently filed 20 days late, on February 25, 2026.

Removal ("Amended Notice") (Doc. No. 51).  The court has considered the Amended Notice, which includes additional factual allegations related to jurisdiction, contrary to the representations made in the Motion for Leave.  The Amended Notice does not challenge DAL's California citizenship.  It states only that, "[t]o the extent that the downstream membership of Subway Funding LLC is not publicly disclosed, Defendant cannot identify every ultimate member from public sources alone.  However, based upon reasonable inquiry into publicly available ownership information and corporate filings . . . none of the members of DAL . . . [are] domiciled in California."  See Amended Notice at ¶¶ 32, 33.[4]  Allegations that information related to LLC membership is not publicly available for inspection cannot, without more, defeat the sworn, uncontroverted evidence indicating that DAL is a citizen of California.  The Amended Notice fails to cure the jurisdictional defect of shared diversity between the parties.

B. Attorney's Fees

In addition to seeking remand of the case, plaintiffs assert that they are entitled to attorney's fees pursuant to section 1447(c) of title 28 of the U.S. Code.  See Mot. at 9.  "Absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Removal is sought without an objectively reasonable basis where, "a competent attorney, after

---

Nonetheless, given defendant Aman Beri's present pro se status, the court opted to review the Amended Notice prior to ruling on the Motion to Remand.

[4] The court emphasizes that, even assuming arguendo that defendant Aman Beri had no means of determining DAL's citizenship through publicly related disclosures, Aman Beri was nonetheless aware of a potentially fatal jurisdictional defect related to DAL given certain pleadings made in a parallel California action, to which both Aman Beri and DAL were parties, before seeking removal in the instant action.  See infra section III.B. Attorney's Fees.

reasonable inquiry into applicable law and the facts and procedural history of this case would have known that there was no justification whatever for removal of this action." Value Health Care Servs., LLC v. PARCC Health Care, Inc., No. 3:11-CV-523 (JCH), 2011 WL 2417106, at *4 (D. Conn. June 13, 2011).  District courts enjoy great discretion in fashioning fee awards pursuant to section 1447(c).  Morgan Guar. Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 923–24 (2d Cir.1992).

      Plaintiffs argue that defendants have sought removal without any objectively reasonable basis because (1) a "reasonable inquiry into the applicable law" would show that defendants were required to plead citizenship of defendant-LLC's members and (2) defendants were aware that there was a lack of diversity between the parties as a result of a separate federal action in the Central District of California.  See Mot. at 9-10.  The court addresses each point in turn.

      The court agrees that a reasonable inquiry into the relevant law would alert defendants that LLC citizenship is determined on the basis of its members' citizenship. That the citizenship of various corporate forms is evaluated differently depending on the form is well established in both Second Circuit and U.S. Supreme Court precedent.  See Novel Energy Sols., LLC, 2024 WL 1364702, at *1; Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019); Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012); Carden, 494 U.S. at 195–96 (concerning partnerships).  That defendants' investigation into DAL's citizenship turned on DAL's place of incorporation and principal place of business suggests no reasonable inquiry into the grounds for removal took

place because defendants used a facially wrong legal standard in determining citizenship.[5]

Indeed, the purpose of fee-shifting under section 1447(c) is in part to deter removals that are meritless, prolong litigation, and impose costs on the opposing party. City of New York v. Exxon Mobil Corp., 154 F.4th 36, 50 (2d Cir. 2025). An award of attorney's fees here is justified precisely to deter the sort of removal sought here—one in which defendants did not reasonably inquire into the citizenship of their opponents while attempting to invoke diversity jurisdiction. On this basis alone, an award of attorney's fees is warranted.

Second, and relatedly, defendants were on notice that their assertion as to DAL's citizenship was potentially fatal jurisdictionally because of a separate action involving the same parties in the Central District of California. See Aman Beri et al. v. Doctor's Associates, Inc. et. al., 25-cv-07974 (C.D. Cal. Oct. 27, 2025) (hereafter, "California Action.")[6] Indeed, in the California Action, on October 1, 2025, DAL pled that:

> "DAL is a citizen of California for purposes of diversity jurisdiction because the members of limited liability companies in DAL's ownership structure include limited liability companies whose members are residents of the State of California. Accordingly, the Court lacks subject matter jurisdiction."

See id. at Doc. No. 25, at ¶ 9. It was two days later, on October 3, 2025, that defendants Aman and Vandana Beri filed their Notice of Removal in the instant action. The California Action should have spurred greater inquiry into the structure of DAL and

---

[5] The court notes that while defendant Aman Beri presently appears pro se in this action, at the time the Notice of Removal was filed on October 3, 2025, defendant was represented by counsel. See Notice of Appearance by Edward Mark Schenkel (Doc. No. 9).

[6] As in this action, Aman Beri was initially represented by counsel in the California action. See 25-cv-07974, Doc. No. 1, reflecting "Attorney Rares Michael Ghilezan added to party Aman Beri."

7

defendant Beri's failure to undertake a more fulsome review of DAL's citizenship in light of their own California Action has threatened the exact sort of concerns of judicial economy that section 1447(c) fee shifting seeks to avoid. Plaintiffs here ought not to bear the burden of the costs associated with the instant removal where defendants here lacked an objectively reasonable basis for removing the case.

## IV.    CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Remand (Doc. No. 24) is granted and this case is remanded to state court. Plaintiffs' request for costs and attorney's fees is granted pursuant to 28 U.S.C. § 1447(c).

The Clerk is directed to close the case and to mail a certified copy of this order to the Clerk of the Superior Court of Connecticut in the Judicial District of Ansonia-Milford at Milford.

The court retains jurisdiction over this matter only to the extent necessary to determine the amount of the award of attorney's fees and costs. See Bryant v. Britt, 420 F.3d 161, 162 (2d Cir.2005) ("[A] district court has jurisdiction to consider a motion for fees and costs under § 1447(c), even after it has remanded a case to state court.") Plaintiffs' counsel shall file a request for specific costs and fees with the court no later than March 26th, 2026.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of March 2026.

                                                      /s/ Janet C. Hall
                                                      Janet C. Hall
                                                      United States District Judge