**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | CIVIL CASE NO. |
| | : | 3:25-CV-1661 (JCH) |
| DOCTOR'S ASSOCIATES LLC, | : | |
| FRANCHISE WORLD HEADQUARTERS | : | |
| LLC, AND SUBWAY REAL ESTATE LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JUNE 2, 2026 |
| AMAN BERI AND VANDANA BERI, | : | |
| Defendants. | : | |

**RULING ON MOTION TO QUANTIFY THE AMOUNT OF ATTORNEYS' FEES (DOC. NO. 54)**

## I.    INTRODUCTION

The plaintiffs Doctors Associates LLC, Franchise World Headquarters, LLC, and Subway Real Estate, LLC, (together "plaintiffs"), filed a Motion to Quantify the Amount of Attorneys' Fees (Doc. No. 54) pursuant to this court's Ruling on the Motion for Remand (Doc. No. 52) on March 5.

## II.    LEGAL STANDARD

As a general matter, the "starting point" in analyzing whether claimed attorney's fees are appropriate is the lodestar.  See Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  The "lodestar" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Id.

"The reasonable hourly rate is the rate a paying client would be willing to pay." See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190–91 (2d Cir. 2008).  In calculating the reasonable hourly rate, the court applies a presumption in favor of calculating fees based on the prevailing rates in the forum in which the litigation was brought.  See Kyros Law P.C. v. World Wrestling Enter., Inc., 78

1

F.4th 532, 547 (2d Cir. 2023).  Thus, "[w]hen an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate."  See Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998).

As for the reasonableness of the hours expended, a district court must conduct "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  See Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). A party may "satisf[y] his burden by providing detailed itemization of the hours expended reconstructed through contemporaneous billing records."  See Hernandez v. Berlin Newington Assocs., LLC, No. 3:10-cv-1333 (VLB), 2016 WL 5339720, at *5 (D. Conn. Sept. 22, 2016).  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Adjustments to the lodestar calculation "are appropriate only in 'rare circumstances,' because the 'lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee.' "  See Millea, 658 F.3d at 167 (quoting Perdue v. Kenny A ex rel. Winn, 559 U.S. 542, 553–54 (2011)).  For example " '[t]he novelty and complexity of a case generally may not be used as a ground for [adjusting the lodestar]' because they are already included in the lodestar calculation itself, being 'fully reflected in the number of billable hours recorded by counsel.' " Id. (quoting Perdue, 559 U.S. at 553).  Similarly, "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning

the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." Perdue, 559 U.S. at 553.

The party seeking fees bears the burden of demonstrating that its request is reasonable and must provide the court with sufficient information to assess its application.  See Evans v. State of Conn., 967 F. Supp. 673, 691 (D. Conn. 1997) ("The burden is on the fee applicant to produce satisfactory evidence, in addition to the attorney's own affidavits, showing that the requested rates are in line with those prevailing in the community for similar services."); Hernandez, 2016 WL 5339720, at *5 (finding party satisfied burden by producing contemporaneous billing records). In addition to evidence adduced by counsel, "[a] district court may take judicial notice of the rates awarded in similar cases and may rely on its own familiarity with the rates prevailing in the district."  See Hernandez, 2016 WL 5339720, at *3.

## III.   DISCUSSION

After reviewing the Memorandum in Support of the Motion, the requested rates of the plaintiff's attorneys are too high.  The plaintiff cites Horror Inc. v. Miller, 2022 WL 4473426, at *1 (D. Conn. Sept. 26, 2022) and Lliguicota v. Diamond Nail & Spa CT Inc., No. 3:21-cv-1073 (VAB), 2024 WL 4471355, at *3 (D. Conn. Oct. 11, 2024) in support of their argument for higher-than-average attorney's fees.  However, the facts of these cases involve highly specialized litigation, e.g. Intellectual Property and Trademark Disputes, which is not apparent in this instant case.

Under Simmons v. New York City Transit Auth., 575 F.3d 170, 175-176 (2d Cir. 2009), the Second Circuit lays out their analysis which is directly applicable to this instant case.  The Second Circuit held that the parties in Simmons did not need special expertise and there was no evidence that the party would have received a "substantially

3

inferior result." Id.  As aptly summarized by the Second Circuit, a party should not be required to "pay for a limousine when a sedan could have done the job." Id. at 177.

In this case Attorney Joblove possesses 40 years of experience and is asking for an hourly rate of $855.  This rate is higher than usual for the State of Connecticut.  See Prudential Ins. Co. of Am. v. Kowalski, No. 3:21-CV-00541 (VAB), 2024 WL 4653136, at *13 (D. Conn. Nov. 1, 2024) (awarding $665.00 an hour for a partner, $450.00 an hour for a partner, and $342.00 an hour for an associate); Howell v. Yale Univ., No. 3:22-CV-01160 (JCH), 2023 WL 4564409, at *3 (D. Conn. July 17, 2023) (awarding hourly rates between $300 and $400 for experienced partner-level attorneys in non-complex commercial cases).  Therefore, Attorney Joblove's rate is reduced to $800 an hour.

Attorney Greene possesses 30 years of experience and is asking for an hourly rate of $814.50.  This rate is higher than usual for the State of Connecticut.  See Prudential Ins. Co. of Am. v. Kowalski, No. 3:21-CV-00541 (VAB), 2024 WL 4653136, at *13 (D. Conn. Nov. 1, 2024) (awarding $665.00 an hour for a partner, $450.00 an hour for a partner, and $342.00 an hour for an associate); Howell v. Yale Univ., No. 3:22-CV-01160 (JCH), 2023 WL 4564409, at *3 (D. Conn. July 17, 2023) (awarding hourly rates between $300 and $400 for experienced partner-level attorneys in non-complex commercial cases).  Therefore, Attorney Greene's rate is reduced to $750 an hour.

Attorney McIntosh possesses 7 years of experience and is asking for an hourly rate of $585.   This rate is higher than usual for the State of Connecticut.  See Prudential Ins. Co. of Am. v. Kowalski, No. 3:21-CV-00541 (VAB), 2024 WL 4653136, at *13 (D. Conn. Nov. 1, 2024) (awarding $665.00 an hour for a partner, $450.00 an hour for a partner, and $342.00 an hour for an associate); Howell v. Yale Univ., No. 3:22-CV-

4

01160 (JCH), 2023 WL 4564409, at *3 (D. Conn. July 17, 2023) (awarding hourly rates between $300 and $400 for experienced partner-level attorneys in non-complex commercial cases).  Therefore, Attorney McIntosh's rate is reduced to $400 an hour.

Attorney Canic possesses 6 years of experience and is asking for an hourly rate of $436.50.  This rate is higher than usual for the State of Connecticut.  See Prudential Ins. Co. of Am. v. Kowalski, No. 3:21-CV-00541 (VAB), 2024 WL 4653136, at *13 (D. Conn. Nov. 1, 2024) (awarding $665.00 an hour for a partner, $450.00 an hour for a partner, and $342.00 an hour for an associate); Howell v. Yale Univ., No. 3:22-CV-01160 (JCH), 2023 WL 4564409, at *3 (D. Conn. July 17, 2023) (awarding hourly rates between $300 and $400 for experienced partner-level attorneys in non-complex commercial cases).  Therefore, Attorny Canic's rate is reduced to $350 an hour.

Paralegal Monzon possesses 10 years of experience as a paralegal and is asking for an hourly rate of $184.50.  This rate is granted.

The court has reviewed the hours worked and billed by each person.  Attorney Joblove billed 4.4 hours; Attorney Greene billed 1.5 hours; Attorney McIntosh billed 3.0 hours; Attorney Canic billed 14.8 hours; and Paralegal Monzon billed 1.9 hours.  The court finds these hours reasonable.

Based on the above reduced rates, the court awards:

| Attorney / Staff | Hours Billed | Reduced Rate | Amount Awarded |
| --- | --- | --- | --- |
| Attorney Joblove | 4.4 | $800.00/hr | $ 3,520.00 |
| Attorney Greene | 1.5 | $750.00/hr | $ 1,125.00 |
| Attorney McIntosh | 3.0 | $400.00/hr | $ 1,200.00 |
| Attorney Canic | 14.8 | $350.00/hr | $ 5,180.00 |

| Paralegal Monzon | 1.9 | $184.50/hr | $ 350.55 |
| TOTAL | 25.6 | | $ 11,375.55 |

## IV.    CONCLUSION

For the reasons stated above, the court finds the requested fees and costs reasonable for plaintiffs and grants attorney's fees in the amount of $11,375.55 against the defendants, Aman Beri and Vandana Beri.

**SO ORDERED.**

Dated at New Haven, Connecticut this 2nd day of June 2026.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge